UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>MAXIMO GOMEZ-CARDENAS (2),<br><br>Defendant/Petitioner. | Case Nos.: 15CR2547-JLS<br>17CV0237-JLS<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 and DENYING CERTIFICATE OF APPEALABILITY** |

Currently pending before the Court is Petitioner Maximo Gomez-Cardenas' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 145). The Court has considered Petitioner's motion and the record in this case and, for the reasons set forth below, will deny the motion.

**Background**

Petitioner was charged with conspiracy to distribute methamphetamine and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 70.) On December 29, 2015, Petitioner pled guilty to the charge pursuant to a plea agreement. (ECF No. 66, 79.) Under the terms of the plea agreement, Petitioner agreed to waive any right to appeal or to collaterally attack the conviction and sentence, with the exception of a post-conviction collateral attack based on a claim of ineffective assistance of counsel. (Plea Agreement, ECF No. 66 at 14.)

Petitioner was sentenced by this Court on June 10, 2016. (ECF No. 142.) The Government recommended a sentence of 80 months' imprisonment, and Petitioner, through counsel, requested a sentence of 57 months. (ECF No. 146 at 6.) The Court found a base offense level of 32,[1] applied a three-level reduction for acceptance of responsibility, a two-level departure for Fast Track, and granted a 2-level departure for combination of circumstances, resulting in a guideline range of 57-71 months.[2] *Id*. at 11-12. Petitioner was sentenced to the mid-range of 65 months' incarceration. *Id.*

## Analysis

In his §2255 motion, Petitioner sets forth the following grounds for relief:

A. Ineffective assistance of counsel;
B. The counsel failed to object to the sentence imposed;
C. The counsel failed to explain the risks and benefits of a plea offer;
D. The counsel failed to negotiate a plea bargain;
E. The counsel failed to protect defendant's appellate rights;
F. The counsel failed to object to information on which defendant's sentence was based.

Pet'r's Mot., ECF No. 145 at 2.

The allegations set forth above, some of which are demonstrably false, constitute the sole information provided to the Court with respect to Petitioner's motion. There are no other facts or details offered in support of Petitioner's claims, nor has there been any showing that these allegations affected Petitioner's decision to enter a guilty plea.

Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief. *Boehme v. Maxwell,* 423 F.2d 1056, 1058 (9th Cir.1970). Here, Petitioner has made an insufficient factual showing that any of his claims warrant relief.

---

[1] Based on 499.4 grams of heroin and 446.5 grams of methamphetamine (actual).
[2] Petitioner was determined to belong to Sentencing Guideline Criminal History Category I. (ECF No. 149 at 11.)

2

Petitioner first contends that defense counsel failed to object to the sentence imposed, but the record reflects that defense counsel filed objections to the Presentence Report and filed sentencing documents requesting the Court impose a sentence of 57 months. (ECF Nos. 136-139.) At the sentencing hearing, defense counsel again raised her objections and urged the Court to impose a sentence of 57 months. (ECF No. 146). Although the Court did not completely adopt Petitioner's position, it granted a 2-level departure for a combination of the circumstances presented by defense counsel. Thus, while the ultimate sentence imposed was higher than that requested by Petitioner, it was lower than it would have been absent his counsel's advocacy. Furthermore, any objection to the 65-month mid-range sentence after it was imposed would have been futile as the Court had already taken Petitioner's position into consideration in arriving at what it deemed to be the appropriate sentence.

Petitioner also contends that defense counsel failed to explain the risks and benefits of a plea offer. Petitioner fails to inform the Court what was left unexplained and how this affected him. The plea agreement signed by Petitioner indicates that, "[b]y signing this agreement, defendant certifies that he has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect." (ECF No. 66 at 17.) During the change of plea colloquy, Petitioner advised the judge that he had a chance to ask his attorney any questions he had about the terms of the plea agreement and told the court he did not have any questions about the agreement that day. (ECF No. 148 at 8.) The magistrate judge found that Petitioner's plea was "freely and voluntarily given with an understanding, knowing, and intelligent waiver of his rights..." *Id*. at 13. Neither Petitioner nor the record present any reason to conclude otherwise.

Petitioner next contends that defense counsel failed to negotiate a plea bargain. This contention is refuted by the record. Petitioner entered a plea agreement through which he gained concessions from the United States. It is reasonable to assume that this agreement was negotiated by defense counsel. Another argument contradicted by the

record is Petitioner's assertion that defense counsel failed to object to information on which his sentence was based. Petitioner does not indicate what information defense counsel failed to raise an objection to, but the record is clear that defense counsel did file objections to the Presentence Report and orally objected to certain evidence at the sentencing hearing. *See* ECF Nos. 136 and 146.

Finally, Petitioner contends that defense counsel failed to protect his appellate rights. Again, the Court is left to speculate as to what is meant by this. Petitioner's plea agreement contained a waiver of the right to appeal, which by every indication in the record was entered freely and voluntarily. Thus, without a more specific showing by Petitioner,[3] the Court cannot conclude that Petitioner is entitled to relief on this claim.

## Conclusion

Having carefully considered Petitioner's claims in view of the case files and records, the Court finds the record sufficiently developed to conclusively show that Petitioner is entitled to no relief. Accordingly, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED**.

Additionally, the Court **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing that he has been denied a constitutional right. See 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").

IT IS SO ORDERED.

Dated: January 28, 2020

Hon. Janis L. Sammartino
United States District Judge

---

[3] Petitioner does not contend that his attorney failed to file a notice of appeal after a request by Petitioner that she do so, thus the Court finds Petitioner's vague allegation in this case to be distinguishable from that presented in *Garza v. Idaho*, 139 S.Ct. 738 (2019) (recognizing that an attorney provides ineffective assistance by failing to file of notice of appeal after a client's clear request to do so, even if the client has signed an appeal waiver).

4